IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Demetrius Barwicks (#2010-0728120), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 8791 |
| | ) | |
| v. | ) | Judge Robert M. Dow |
| | ) | |
| Thomas Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [3]. The Court authorizes and orders Cook County Jail officials to deduct $8.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk of Court shall also dismiss Defendant Superintendent Thomas, issues summons for service of the complaint on Defendant Dart, and mail Plaintiff a copy of this order and an USM-285 Form (Marshals service). Plaintiff must return the completed USM-285 Form to the Prisoner Correspondent within 30 days so service may be affected on the Defendant. The U.S. Marshal will not attempt service on the Defendant unless and until the required form is received. Plaintiff's failure to return the completed form may result in the matter being dismissed for failure to prosecute his case. The U.S. Marshal is appointed to serve the Defendant. Plaintiff's motion for attorney representation [4] is denied without prejudice.

## STATEMENT

Pro se Plaintiff Demetrius Barwicks, a Cook County Jail ("Jail") pretrial detainee, has brought a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed in forma pauperis, complaint for an initial review pursuant to 28 U.S.C. § 1915A, and motion for attorney representation.

Because Plaintiff has established that he does not have the ability to pre-pay the filing fee, the Court grants Plaintiff's motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $8.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. See 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds

$10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A(a), the Court is required to screen pro se prisoners' Section 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Construing his pro se complaint liberally, Plaintiff alleges that on January 21, 2013, he was assaulted by several other detainees at Cook County Jail. He alleges that as he ran for help, a correction officer closed the interlock door and failed to intervene. Plaintiff names Sheriff Thomas Dart, Superintendent Thomas and unknown correctional officers as Defendants.

Plaintiff attempts to hold Sheriff Dart and Superintendent Thomas responsible for the actions of the unknown correctional officers because they are in supervisory roles. Section 1983 requires a defendant's *personal* involvement in the alleged constitutional violation. See *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. See *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Thus, Plaintiff has not stated an individual capacity claim against Sheriff Dart or Superintendent Thomas.

Nor has Plaintiff pled an official capacity claim against these Defendants. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. See *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. See *Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). Here, Plaintiff fails to allege that the alleged denial of his constitutional rights was based on an unconstitutional policy or custom.

The proper defendants are the individuals that allegedly failed to protect and/or intervene when Plaintiff was assaulted. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). ("Plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff should be aware that he cannot obtain damages from any defendant(s) unless he serves them (or obtains waivers of service) in accordance with Fed. R.

Civ. P. 4. To obtain service (and relief) from the unknown defendants he must determine their names.

When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. See *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Accordingly, Sheriff Dart remains as a defendant solely so that Plaintiff may discover the identities of the proper defendants. Once an attorney has entered an appearance on Dart's behalf, Plaintiff must send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identities of the proper individuals who allegedly violated Plaintiff's constitutional rights. See Fed. R. Civ. P. 33. After Plaintiff learns their identities, he may submit an amended complaint that names them as the proper defendants. Summonses will then issue for service on these defendants, and Sheriff Dart will be dismissed as a defendant.

Plaintiff is advised that there is a two year statute of limitations for his claims and the limitations period began running when the incident occurred. See *Ray v. Mayer*, 662 F.3d 770, 772 (7th Cir. 2011); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 392-93 (2007)). Plaintiff must submit a proposed amended complaint identifying the Doe within the statute of limitations period to proceed against him. See *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).

The Court directs the clerk to issue summons for service of the complaint on Defendant Dart. The United States Marshals Service is appointed to serve Defendant. The Clerk is directed to mail Plaintiff a blank USM-285 (Marshals service) Form. The Court advises Plaintiff that a completed USM-285 Form is required for each named Defendant. The U.S. Marshal will not attempt service on Defendant unless and until the required form is received. Plaintiff must therefore complete and return the form within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must also send an exact copy of any filing (not including the USM-285 Form) to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has

discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the factors listed above, the Court concludes that the solicitation of counsel is not warranted at this time. Plaintiff has set forth a cognizable claim and he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's submissions are coherent and articulate and he appears capable of litigating this matter. It is additionally noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Dated: November 10, 2014

_____
Robert M. Dow, Jr.
United States District Judge